Filed 1/20/23  P. v. Massey CA1/5
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>GERALD MASSEY,<br><br>          Defendant and Appellant. | A163744<br><br>(Contra Costa County<br>Super. Ct. No. 51408889) |

In November 2014, pursuant to a negotiated disposition, defendant and appellant Gerald Massey (appellant) pleaded guilty to gross vehicular manslaughter (Pen. Code, § 191.5, subd. (d))[1] and driving under the influence (DUI) with two prior convictions (Veh. Code, §§ 23153, subd. (a), 23566, subd. (b)).  Appellant also admitted a great bodily injury (GBI) enhancement (§ 12022.7, subd. (a)) associated with the DUI charge.  Pursuant to the plea bargain, the trial court sentenced appellant to prison for a term of 15 years to life on the manslaughter charge.  The trial court stayed a seven-year term on the DUI charge and the GBI enhancement under section 654.

---

[1] All section references are to the Penal Code unless otherwise indicated.

In November 2014, two abstracts of judgment were filed, one for the determinate sentence and one for the indeterminate sentence. The determinate sentence abstract on page one properly indicates that the seven-year term on the DUI charge and enhancement was stayed under section 654, but on page two the abstract erroneously states the stays were under "PC 664." The indeterminate sentence abstract on the first page erroneously indicates with an "X" that the 15-years-to-life term is a consecutive term.

In August 2020, appellant filed a petition for resentencing under section 1170.91, subdivision (b). Section 1170.91, subdivision (a) directs sentencing courts to consider as mitigating factors certain conditions suffered by defendants who are military veterans, and subdivision (b) authorizes the filing of resentencing petitions. The trial court denied the petition.

In the present appeal, appellant initially conceded the trial court properly denied his petition on the ground that section 1170.91 does not apply to indeterminate sentences. (See *People v. Estrada* (2020) 58 Cal.App.5th 839, 842–843 (*Estrada*).) Nevertheless, he requested that this court direct the trial court to correct the November 2014 abstracts of judgment because the court below was under the misimpression that appellant had been sentenced to seven years on the DUI charge and GBI enhancement, *plus* a consecutive term of 15 years to life on the manslaughter charge. On December 9, 2022, this court filed a decision affirming denial of the petition for resentencing but directing the trial court to correct the abstracts of judgment.

On December 21, 2022, appellant filed a petition for rehearing. He pointed out that the Legislature had enacted Senate Bill No. 1209 (2021-2022 Reg. Sess.) (SB 1209), which amended section 1170.91, effective January 1, 2023. As relevant here, the amendment eliminated a reference to

section 1170, which reference was the basis for the *Estrada* court's conclusion that resentencing under section 1170.91 did not apply to indeterminate terms. (*Estrada, supra*, 58 Cal.App.5th at pp. 842–843.)

Respondent, in its answer to appellant's petition for rehearing, agreed that SB 1209 removed the categorical bar to resentencing identified by the *Estrada* court. Respondent also acknowledged SB 1209 removed a second categorical bar to relief identified by decisions concluding that defendants could not obtain relief from stipulated sentences under section 1170.91. (See, e.g., *People v. King* (2020) 52 Cal.App.5th 783, 791.) Respondent agreed the present case should be remanded for a new resentencing hearing under the current version of section 1170.91. We will so order.[2]

We also again direct the trial court to correct the November 2014 abstracts of judgment to reflect the sentence that was actually imposed. Respondent suggested the following corrections: (1) in the abstract of judgment for the determinate term, change two improper references to "PC 664" to "PC 654;" and (2) in the abstract of judgment for the indeterminate term, remove the "X" mark indicating the sentence is "consecutive." This court will direct the trial court to make the corrections suggested by respondent, in addition to conducting a new resentencing hearing.

---

[2] Appellant asks this court to direct the trial court to "once again appoint counsel, who can assist [appellant] in preparing a new section 1170.91 petition that is not skeletal, like the original petition, but rather sets forth all facts concerning the offense and [appellant's] subsequent rehabilitation, which weigh in favor of resentencing." That is a matter properly considered by the trial court in the first instance.

3

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is reversed and the court is directed to conduct a resentencing hearing pursuant to section 1170.91.  On remand, the court may consider appointment of counsel to assist in preparation of an amended petition prior to conducting the resentencing hearing.  The trial court is also directed to, prior to conducting the resentencing hearing, (1) correct the November 2014 abstract of judgment of the determinate sentence by changing the two references to "PC 664" on the second page to "PC 654," and (2) correct the November 2014 abstract of judgment of the indeterminate sentence by removing the "X" mark on the first page indicating that the sentence is "consecutive."

_____
SIMONS, J.

We concur.

_____
JACKSON, P. J.

_____
WISEMAN, J.*

(A163744)

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5